IN THE SUPREME COURT OF THE STATE OF DELAWARE

LENNON K. DAVIS, § 
§ No. 115, 2020
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID Nos. 1802018089 (N)
STATE OF DELAWARE, § 1809012724 (N)
§ 1809012691 (N)
Plaintiff Below, §
Appellee. §

Submitted: December 15, 2020
Decided: January 21, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# O R D E R

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Lennon K. Davis, filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the judgment below on the ground that it is manifest on the face of Davis's opening brief and that his appeal is without merit. We agree and affirm.

(2) On June 24, 2019, Davis pled guilty to theft of $1500 or more, third-degree burglary, resisting arrest, and failing to report a collision. The Superior Court sentenced him as follows: for third-degree burglary, to three years of imprisonment

with credit for 274 days previously served, suspended for one year of Level III probation; for theft over $1500, to two years of imprisonment, suspended for one year of Level III probation; for resisting arrest, to one year of imprisonment, suspended for one year of Level III probation; and for failing to report a collision, to a $25 fine.

(3)   On December 10, 2019, a probation officer filed a violation of probation ("VOP") report.  Secured bail was posted, and Davis was released on January 29, 2020.  On February 5, 2020, another probation officer filed a VOP report, and Davis was returned to custody.

(4)   At a VOP hearing on February 13, 2020, Davis's counsel stated that Davis admitted that he was in violation of probation.  The Superior Court found Davis in violation and imposed the following VOP sentence:  for the third-degree burglary conviction, to two years of imprisonment, suspended for eighteen months of Level IV work release, suspended after six months for twelve months of Level III probation; for the resisting arrest conviction, to one year of imprisonment, suspended for twelve months of Level III probation; and for the theft conviction, to two years of imprisonment, suspended for twelve months of Level III probation.

(5)   Davis has appealed from his VOP sentence.  On appeal, he argues that (i) he was improperly charged with offensive touching, which charge was one of the grounds on which he was alleged to be in violation of probation; (ii) he should not

2

have been charged with a VOP based on his admitted contact with a former girlfriend, because he was not aware that he was subject to a no-contact order; (iii) his bail was increased without his knowledge; (iv) the Department of Correction did not deliver his mail; and (v) the Superior Court judge treated him unfairly at his VOP hearing.

(6) After careful consideration, we find no merit to Davis's appeal. Davis appeared at the VOP hearing represented by counsel. He admitted that he had violated probation, based on conduct other than the offensive touching charge, and the Superior Court found him in violation based on that admission. Davis's admission to violating probation constitutes sufficient evidence to sustain the Superior Court's finding of a VOP.[1]

(7) Davis did not raise at the VOP hearing the issues concerning the bail amount or the delivery of mail and has therefore waived appellate review of those issues absent plain error.[2] Davis has not demonstrated how his arguments regarding bail and mail delivery would warrant reversal of the adjudication of an admitted probation violation or the sentence imposed for that violation, and we therefore find no plain error.

---

[1] *E.g.*, *Cook v. State*, 2019 WL 949372 (Del. Feb. 25, 2019); *Lougheed v. State*, 2016 WL 5899238 (Del. Oct. 10, 2016).
[2] Del. Supr. Ct. R. 8; *Rivera v. State*, 2014 WL 2093709, at *2 (Del. May 15, 2014).

(8)  Finally, we have reviewed the transcript of the VOP hearing and find no evidence that the Superior Court judge treated Davis unfairly.  Indeed, the judge imposed a less stringent VOP sentence than was recommended by the probation officer.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

4